UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP,

    Plaintiff,

v.                                       CASE NO. 14-10185
                                            HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN, et al.,

    Defendants.
_____/

### ORDER SUMMARILY DISMISSING DEFENDANTS DAVID S. SWARTZ, SONIA WARCHOCK, MICHAEL EAGEN, AND THE BUREAU OF HEALTH CARE SERVICES AND GRANTING PLAINTIFF'S MOTION TO PRESENT ADDITIONAL AFFIDAVITS

### I. Introduction

Plaintiff Lori Knop, a state prisoner at the Huron Valley Women's Complex in Ypsilanti, Michigan, has filed a pro se complaint under 42 U.S.C. § 1983 and a motion to present additional affidavits in support of her claims. The defendants are the Bureau of Health Care Services for the Michigan Department of Corrections, Washtenaw County Circuit Judge David S. Swartz, Michigan parole board members Sonia Warchock and Michael Eagen, and numerous other individuals employed by, or affiliated with, the Michigan Department of Corrections.

Plaintiff alleges that she is missing a thyroid gland and that the defendants have deprived her of Armour Thyroid Hormone for five months in violation of her rights under the Eighth Amendment to the United States Constitution. Plaintiff claims that, absent the hormone, she is at serious risk of excessive blood loss and anemia. She also

-1-

claims that the defendants placed inaccurate information in her presentence investigation report and her medical file and that she was given two prison misconduct tickets, which resulted from a lack of the hormone. She sues the defendants in their individual and official capacities for declaratory, injunctive, and monetary relief.

## II.  Legal Framework

Due to plaintiff's indigence, the Court has granted her permission to proceed without prepayment of the fees and costs for this action. When screening a prisoner's complaint, a federal district court

> must examine both [28 U.S.C.] § 1915(e)(2) and [28 U.S.C.] § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff brings her complaint under 42 U.S.C. § 1983, which

> creates a private right of action to vindicate violations of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under the terms of the statute, "'[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976) (citing 42 U.S.C. § 1983).

Rehberg v. Paulk, __ U.S.__, __, 132 S. Ct. 1497, 1501-02 (2012).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color

of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994)." Sigley v. Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006). While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.  Application

#### A.  The Bureau of Health Care Services

One of the many defendants is the Bureau of Health Care Services, which is a division of the Michigan Department of Corrections. As such, the Bureau enjoys immunity from suit under the Eleventh Amendment, which bars suits against a state and its departments unless the State has consented to the filing of the lawsuit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); accord Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (stating that, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to

suit in federal court' ") (quoting Welch v. Texas Dep't of Highways and Public Transportation, 483 U.S. 468, 480 (1987) (plurality opinion)); Mingus v. Butler, 591 F.3d 474, 481 (6th Cir. 2010) (stating that, "[i]n addition to the states themselves, Eleventh Amendment immunity can also extend to departments and agencies of states") (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 383 (6th Cir. 1993) (citing Quern v. Jordan, 440 U.S. 332 (1979)).  Eleventh Amendment immunity, moreover, "is far reaching.  It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." Id. at 381 (internal and end citations omitted).  The Court therefore dismisses the Bureau of Health Care Services from this lawsuit.

### B.  David S. Swartz

Plaintiff alleges that Washtenaw County Circuit Judge David S. Swartz denied her motion to correct inaccurate information in her presentence investigation report and that he did so without issuing an opinion.  Compl. at 61.  This allegation fails to state a claim for which relief may be granted because " '[t]he immunity of judges for acts within the judicial role is . . . well established . . . ." Rehberg v. Paulk, __ U.S. __, __, 132 S. Ct. 1497, 1502 (2012) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).  "Judges enjoy absolute immunity from suit for money damages for actions taken in their judicial

capacity, except when taken in the complete absence of jurisdiction." In re McKenzie, 716 F.3d 404, 412 (6th Cir.) (citing Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994)), cert. denied sub nom Grant, Konvalinka & Harison, P.C. v. Still, __ U.S. __, 134 S. Ct. 444 (2013).

Judge Swartz was acting in his judicial capacity when he adjudicated plaintiff's motion, and nothing in the complaint suggests that he lacked jurisdiction over plaintiff's case. Consequently, Judge Swartz is entitled to immunity from this suit for money damages. He is also immune from plaintiff's claims for injunctive relief. See 42 U.S.C. § 1983 (stating that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Thus, Judge David S. Swartz is dismissed from this lawsuit.

### C. Defendants Warchock and Eagen

Plaintiff alleges that defendants Sonia Warchock and Michael Eagen are members of the Michigan Parole Board and that, during parole board hearings, they refused to allow her to demonstrate that there is inaccurate information in her presentence investigation report. Compl. at 75. "'[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers.'" Draine v. Leavy, 504 F. App'x 494, 496 (6th Cir. 2012) (quoting Walter v. Torres, 917 F.2d 1379, 1384 (5th Cir. 1990)). Consequently, defendants Sonia Warchock and Michael Eagen are dismissed from this lawsuit.

## IV.  Conclusion

Plaintiff's allegations about the Bureau of Health Care Services, Judge David S. Swartz, Sonia Warchock, and Michael Eagen lack an arguable basis in law and fail to state a plausible claim for relief.  Accordingly,

IT IS ORDERED that defendants David S. Swartz, Sonia Warchock, Michael Eagen and the Bureau of Health Care Services are summarily dismissed from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

IT IS FURTHER ORDERED that plaintiff's motion to present additional affidavits as supporting exhibits (Doc. 5) is GRANTED.

Dated:  May 9, 2014

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 9, 2014, by electronic and/or ordinary mail and also on Lori Knop #661291, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk

---