UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP, #661291,

                Plaintiff,           Civil Action No. 14-10185
                                              Honorable Linda V. Parker
v.                                           Magistrate Judge David R. Grand

MILLICENT WARREN, *et al.*,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [74]

On January 15, 2014, Plaintiff Lori Knop filed her complaint in this case, pursuant to 42 U.S.C. §1983, against numerous defendants. (Doc. #1). On May 13, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #25).

**A.    Report**

Plaintiff has filed a complaint and supplemental complaint in this matter, both of which are voluminous and consist primarily of argument and documentary evidence purportedly supporting her claims. (Docs. #1, 9). On June 13, 2014, Defendants Dr. Mohammed Azimi, Dr. Robert Lacy, Dr. Claire Pei, Dr. Pu Qin, Dr. Sylvia McQueen, and Alice Kramer, P.A. (the "Medical Defendants") filed an answer to the 85 enumerated paragraphs in Plaintiff's complaint, as well as the 32 paragraphs set forth in her supplemental complaint. (Doc. #51). In their answer, the Medical Defendants indicated, with respect to many of Plaintiff's averments, that they did not have sufficient personal knowledge to admit or deny the allegations at issue and, as a result, said allegations were denied pursuant to Fed. R. Civ. P. 8. (*Id.*).

On June 26, 2014, Plaintiff filed a response to the Medical Defendants' answer, contending that it was insufficient and that it essentially amounted to an admission of all the

allegations in her complaint. (Doc. #54). Accordingly, Plaintiff asserted that that she was entitled to all of the relief she requested in this action as a matter of law. (*Id.*). The Medical Defendants filed a reply refuting Plaintiff's assertion (Doc. #67), and, on August 20, 2014, Plaintiff filed a motion for summary judgment on the same grounds. (Doc. #74). The Medical Defendants filed a response to Plaintiff's motion on August 25, 2014, and the matter is now ripe for ruling.

Fed. R. Civ. P. 56(a) provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Moreover, where the moving party has the burden of proof (here, the plaintiff), her "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citations omitted).

Essentially, Plaintiff takes issue with the fact that, with respect to many of the allegations in the complaint and supplemental complaint, the Medical Defendants indicate in their answer that they "are without sufficient personal knowledge at this time to either admit or deny the allegations set forth in this paragraph of the Complaint. Accordingly, all such averments are denied at this time." (*E.g.,* Doc. #51 at ¶4). Plaintiff argues that the Medical Defendants' statements are deficient because they do not track the language of Fed. R. Civ. P. 8(b)(5), which

provides that, "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." (Doc. #74 at 3-4). Plaintiff's argument is without merit.

As an initial matter, in addition to indicating that they were without "sufficient personal knowledge at this time to either admit or deny the allegations" at issue, the Medical Defendants also explicitly denied each averment. (*E.g.,* Doc. #51 at ¶5 ("Accordingly, all such averments are denied at this time.")). Thus, the fact that the Medical Defendants' answer did not track precisely the language of Fed. R. Civ. P. 8(b)(5) is irrelevant: because they specifically denied each allegation at issue, they need not rely on the portion of that rule deeming certain operative language to have "the effect of a denial." Moreover, and perhaps more importantly, the language used by the Medical Defendants sufficiently demonstrates the basis for their denial – and sufficiently tracks the language of the applicable court rule – so as to fairly apprise Plaintiff of the basis for the denial.[1] Thus, where the Medical Defendants have adequately articulated the basis of their denials of the allegations at issue, summary judgment in Plaintiff's favor is not appropriate.

Plaintiff also argues that the Medical Defendants were required to respond to the various exhibits to her complaint to prove their defense that they did not act with deliberate indifference to her serious medical needs. (Doc. #74 at ¶2 ("Further, 269 page of Exhibits were not answered by Defendants to the required responsive pleading of Federal Court Rule (8) (b) (1) – (6).")).

---

[1] In her motion, Plaintiff cites *Kule-Rubin v. Bahari Group Ltd.*, 2012 WL 691324, at *2-3 (S.D.N.Y. Mar. 5, 2012), for the proposition that the Medical Defendants' use of the phrase "without sufficient personal knowledge at this time" is insufficient. (Doc. #74 at 3-4). That case, however, is distinguishable. There, the defendants simply indicated that they "neither admit nor deny the allegations" in the complaint "and leave Plaintiffs to their proofs." *Kule-Rubin*, *supra,* at 1. Here, the Medical Defendants specifically indicated that they lacked the personal knowledge necessary to respond to Plaintiff's allegations and, therefore, denied the respective allegations. Thus, *Kule-Rubin* is inapposite.

Plaintiff has provided no support for this assertion and, indeed, this Court has found none. The Federal Rules of Civil Procedure provide that, in answering the complaint, the Medical Defendants were only required to provide admissions or denials to Plaintiff's "allegations" and state "in short and plain terms" their defenses to the claims against them. *See* Fed. R. Civ. P. 8(b). Accordingly, the Medical Defendants' failure to specifically address the authenticity and significance of each and every document submitted with Plaintiff's complaint does not result in their having admitted the claims or allegations asserted against them, nor does it establish that there is no genuine issue of material fact with respect to Plaintiff's claims.

Finally, Plaintiff asserts that the Medical Defendants "admitted to negligence" in their ninth affirmative defense. (Doc. #74 at ¶13). This is incorrect. The affirmative defense at issue reads as follows: "Defendants submit that Plaintiff fails to state a cognizable cause of action because even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence at best, which is not recognized as a deprivation of the Plaintiff's constitutional rights." (Doc. #51 at 16). It is clear that this is not an admission as to any fact, but rather, is merely an assertion that *even if* Plaintiff is able to establish the truth of all of the factual allegations in her complaint and supplemental complaint, such allegations *at most* demonstrate negligence, not deliberate indifference under the Eighth Amendment. Again, Plaintiff has not established that there is no genuine issue of material fact with respect to her claims and, thus, summary judgment is inappropriate.

**B.**     **Recommendation**

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (**Doc. #74**) be **DENIED**.

Dated: January 14, 2015                                              s/David R. Grand
Ann Arbor, Michigan                                                  DAVID R. GRAND

<div style="text-align: right">United States Magistrate Judge</div>

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2015.

<div style="margin-left: 50%">
s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager
</div>