UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP, #661291,

        Plaintiff,        Civil Action No. 14-10185
                                Honorable Linda V. Parker
v.                                       Magistrate Judge David R. Grand

MILLICENT WARREN, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT THE MDOC DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [85, 91]

Before the Court are two motions for summary judgment filed by several defendants employed (or formerly employed) by the Michigan Department of Corrections ("MDOC") on September 16, 2014, and September 25, 2014. (Docs. #85, 91). Plaintiff Lori Knop ("Knop"), who formerly was incarcerated at an MDOC facility but currently is on parole, filed multiple motions for extension of time to respond to these motions (Docs. #93, 96, 99, 100, 101), which were granted (Docs. #94, 102). Ultimately, at Knop's request, the Court extended her time to respond to these two motions until December 8, 2014. (Doc. #102). Knop was advised that no additional extensions would be granted and that her "failure to timely file a response to Defendants' motions may result in a recommendation that those motions be granted." (*Id.* at 2). To date, however, Knop has not filed responses to either of the MDOC Defendants' pending dispositive motions.

An Order of Reference was entered on May 13, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #25). The Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the MDOC Defendants' Motions for Summary Judgment [**85, 91**] be **GRANTED**.

**II.    REPORT**

    **A.    Background**

At all relevant times, Knop was a state prisoner confined at the Women's Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan. According to Knop's 77-page complaint (excluding attachments), she is bringing an Eighth Amendment denial-of-medical-care claim because she was allegedly deprived of Armour Thyroid Hormone for a five-month period (from September 2012 to January 2013). Knop, who is missing a thyroid gland, alleges that, absent this hormone, she was at serious risk of excessive blood loss and anemia, and that the moving defendants, in denying her that medicine, were deliberately indifferent to her serious medical needs.[1]

    **B.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable

---

[1] On February 4, 2015, this Court issued a Report and Recommendation to grant a motion for summary judgment filed by several other MDOC Defendants, which is hereby incorporated by reference. (Doc. #106).

inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C.  Analysis

On September 16, 2014, and September 25, 2014, the instant motions for summary judgment were filed by five defendants, all of whom are employed (or formerly were employed) by the MDOC: Timothy Kangas, M.D., Elizabeth Coe-Boozer, Summer Laughhunn, Richard Russell, and Frank Van Goethem (collectively the "MDOC Defendants"). (Docs. #85, 91). The MDOC Defendants argue that summary judgment is appropriate because Knop's allegations do not establish the requisite level of personal involvement necessary for liability under §1983 and/or do not establish an Eighth Amendment deliberate indifference claim against them.[2] (Doc.

---

[2] The MDOC Defendants also assert that Knop's claims are barred by qualified immunity. Because the Court is recommending that summary judgment be granted in the MDOC Defendants' favor on other grounds, it need not address the merits of this argument.

#57).  These arguments are addressed below.

### 1. The Requisite Level of Personal Involvement of Defendants Laughhunn, Russell, and Van Goethem

#### a. General Legal Standards

In order to demonstrate liability under §1983 as to any particular defendant, a plaintiff must first establish that that defendant acted under color of state law and that his actions violated rights secured by the Constitution and/or laws of the United States.  *See Baker v. McCollan*, 443 U.S. 137 (1979).  The plaintiff also must make a clear showing that the defendant was personally involved in the activity that forms the basis of the complaint.  *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Moreover, §1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under §1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421.  A supervisory official's awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger §1983 liability.  *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).  Furthermore, mere participation in the grievance process, including signing a grievance response, is insufficient to show personal involvement.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 104 F. App'x 490, 493 (6th Cir. 2004).  Rather, liability under §1983 must be based upon active unconstitutional behavior, not a "mere failure to act."  *Shehee*, 199 F.3d at 300 (internal quotations omitted).  In this case, with respect to three of the MDOC Defendants – namely, Defendants Laughhunn, Russell, and Van Goethem – Knop has failed to satisfy these standards.

### b. *Defendants Russell, Van Goethem, and Laughhunn*

With respect to Defendants Russell, Van Goethem, and Laughhunn, Knop alleges only that they participated to various degrees in processing the prison grievances that she filed.[3] With respect to Defendant Russell, he is presently, and was at all relevant times, the Manager of MDOC's Grievance Section. (Doc. #91 at Ex. 2, ¶1). In her complaint and amended complaint, Knop's only allegations against Russell are that he responded at Step III to certain grievances she filed. (Doc. #1 at 22, 28; Doc. #9 at 6). In his affidavit, Russell concurs that his only role in the events at issue in this case was in the grievance process. (Doc. #91 at Ex. 2, ¶7). With respect to Defendant Van Goethem, Knop alleges only that he responded to a grievance she filed challenging information contained in her presentence investigation report. (Doc. #1 at 8). Van Goethem acknowledges responding to one of Knop's grievances, but affirmatively states that, other than this action, he had no direct, personal involvement regarding the events at issue in this case. (Doc. #91 at Ex. 3, ¶4). Finally, with respect to Laughhunn, Knop alleges only that she responded to grievances she filed at Step III, a fact that Laughhun acknowledges. (Doc. #1 at 28; Doc. #9 at 6; Doc. #91 at Ex. 1, ¶5).

As demonstrated above, there is no material question of fact that Defendants Russell, Van Goethem, and Laughhunn played no direct role in prescribing (or declining to prescribe) Armour Thyroid Hormone for Knop. Rather, they were simply responsible to some degree for responding (and/or reviewing responses) to one of the many grievances Knop filed regarding this and other issues during the relevant period of time. Again, however, the case law clearly establishes that merely participating in the grievance process is not a basis for §1983 liability.

---

[3] In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130 ("Prisoner/Parolee Grievances"). State prisoners must first complete the process outlined in the Policy – including pursuing a grievance through all three steps of the grievance process – before the prisoner may challenge the alleged wrongful conduct in a lawsuit.

*See, e.g., Lee* 104 F. App'x at 493 ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Pugh v. Holden*-Selby, 2013 WL 5874727, at *5 (E.D. Mich. Oct. 30, 2013) (same). As such, summary judgment is appropriate in favor of Russell, Van Goethem, and Laughhunn on Knop's claims against them.

### 2. Knop Has Failed to Establish Eighth Amendment Claims against Defendants Kangas or Coe-Boozer

#### a. General Legal Standards

Reading her complaint and amended complaint generously, Knop appears to allege that the failure of Defendants Kangas and Coe-Boozer to provide certain medical care violated her Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to her serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take

6

> reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Corr. Medical Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted).

Moreover, a plaintiff must demonstrate that a prison official knew of and disregarded an excessive risk to inmate health or safety by showing that (1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'

*Id.* (internal citations omitted). Knop's own allegations, as well as the record evidence, demonstrate that, under these standards, neither Kangas nor Coe-Boozer was deliberately indifferent to a serious medical need.

### b. Defendant Kangas

In her complaint, Knop alleges that she sent a letter to Dr. Kangas regarding Armour Thyroid Hormone in October 2012, and that Dr. Kangas responded to this letter, indicating that

7

he had forwarded it to Dr. Haresh Pandya, former Regional Medical Officer for the MDOC's Southern Region. (Doc. #1 at 57). Apparently, Knop believes that Dr. Kangas should have taken action once he learned that she was not receiving Armour Thyroid Hormone. (*Id.* at 62). In his affidavit, however, Dr. Kangas indicates that, at the time he received Knop's letter, his job title was Regional Healthcare Administrator ("RHA") for the Southern Region. (Doc. #85 at Ex. 1, ¶5). According to Dr. Kangas, he received Knop's letter on October 8, 2012, and ensured that it was forwarded via e-mail to Dr. Pandya, the Regional Medical Officer, on October 10, 2012. (*Id.*). Dr. Kangas further avers that, as RHA, he was responsible for the oversight and operation of healthcare in all State of Michigan prisons in the Southern Region; he did not have any direct involvement in the medical care provided to Knop. (*Id.* at ¶¶6, 7). Knop offers no evidence to the contrary.

With respect to Knop's allegations against Dr. Kangas, she simply has not shown that he acted with deliberate indifference to her serious medical need. Indeed, by Knop's own admission, Dr. Kangas' only role in the events at issue consisted of receiving correspondence from Knop about Armour Thyroid Hormone and forwarding it to, the Regional Medical Officer, Dr. Pandya, for review. (Doc. #1 at 57). In his affidavit, Dr. Kangas makes clear that he was not directly involved in the decision to prescribe (or not prescribe) Armour Thyroid Hormone. (Doc. #85 at Ex. 1, ¶7). In sum, Knop has not offered any evidence that Dr. Kangas, armed with knowledge of her particular medical condition, did anything purposely to deny or delay "access to medical care" or to intentionally interfere "with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Thus, Dr. Kangas is entitled to summary judgment.

### c. Defendant Coe-Boozer

Defendant Coe-Boozer is presently, and was at all relevant times, a Licensed Practical

Nurse at WHV. (Doc. #85 at Ex. 2, ¶1). Knop's claim against Coe-Boozer (spelled "Bouser") in the complaint is that, on October 26, 2013, she allegedly gave Knop the wrong medication and then "refused to check the Physician Desk Reference" when Knop told her that it was incorrect. (Doc. #1 at 49-50, 64). In her affidavit, however, Coe-Boozer indicates that, on the date in question, when she was distributing medication, Knop came to the med line window to pick up her medication. (Doc. #85 at Ex. 2, ¶¶3-4). As Coe-Boozer handed Knop's medication to her, Knop said something that Coe-Boozer could not hear. (*Id.* at ¶4). When Coe-Boozer asked Knop to speak up, Knop tossed the medication she had just been handed back through the med line window and walked away. (*Id.*). Later, Coe-Boozer reviewed Knop's medication chart and noted that the medication had been approved "brand name only." (*Id.* at ¶5). Because the medication originally provided was generic (as opposed to "brand name"), Coe-Boozer subsequently called Knop out again and provided her with the correct medication. (*Id.* at ¶¶5-7).

In light of these facts, Knop has not established that Coe-Boozer was deliberately indifferent to her serious medical need. Even assuming that Knop's immediate need for the brand-name version of Armour Thyroid Hormone was "sufficiently serious" to satisfy the objective component of an Eighth Amendment claim, Knop has failed to establish the subjective element of such a claim. As set forth above, to establish liability under the high deliberate indifference standard, actual knowledge of harm is required. "It is insufficient for a plaintiff to allege that there existed a danger that an official should have been aware of." *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). Rather, an official "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is

9

"meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703. In this case, Knop has not established that Coe-Boozer was deliberately indifferent. At most, giving a generic versus brand name medication was negligent; however, mere negligence is insufficient to establish an Eighth Amendment violation. *See Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (6th Cir. 2003). For these reasons, Knop cannot succeed on her Eighth Amendment claim against Coe-Boozer.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the MDOC Defendants' Motions for Summary Judgment [**85, 91**] be **GRANTED**.

Dated: February 17, 2015                   s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich.

LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
