UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP, #661291,

          Plaintiff,          Civil Action No. 14-10185
                                            Honorable Linda V. Parker
v.                                           Magistrate Judge David R. Grand

MILLICENT WARREN, *et al.*,

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DIMISS PLAINTIFF'S
COMPLAINT IN PART FOR FAILURE TO TIMELY EFFECTUATE SERVICE**

**I.    PROCEDURAL HISTORY**

On January 15, 2014, Plaintiff Lori Knop filed her complaint in this case, pursuant to 42 U.S.C. § 1983, against numerous defendants. (Doc. #1). At the time she filed her complaint, Knop was incarcerated at the Huron Valley Women's Complex, but she has since been released. (*Id.*; Doc. #99). On May 13, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #25).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. §1915(d).

On July 29, 2014, the Court entered two orders addressing service of Knop's complaint against seven named defendants: Sandra L. Maes (Director of Bureau of Health Care Services),

Regional Medical Officer (unknown), Regional Medical Director, Nurse Williams, Nurse 4 (last name unknown), Grievance Coordinator BOA-HVWCF (last name unknown), and Grievance Coordinator BOA-Bragg (last name unknown). (Docs. #65, 66).

With respect to Nurse Williams, the Court ordered the Michigan Department of Corrections ("MDOC") to provide her last known address to the Marshal on a confidential basis, after which the Marshal was directed to attempt service at the address provided. (Doc. #65). In that order, Knop was warned that if service could not be accomplished on Nurse Williams at the address provided by the MDOC, she may be required to show cause why this action should not be dismissed, without prejudice, as against this defendant. (*Id.*). On September 18, 2014, a waiver of service was returned unexecuted, as Nurse Williams could not be served at the address provided by the MDOC. (Doc. #89). To date, Knop has not provided the Court with any additional information regarding Defendant Williams' current address.

With respect to Sandra Maes, on July 29, 2014, the Court issued an order advising Knop that because Maes is not employed by the MDOC, and the MDOC has no last known address for her, Knop bears the burden of supplying the Court with the correct address for her so that service may be effectuated. (Doc. #66). Knop was warned that her failure to provide that information may result in the dismissal of her claims against this defendant. (*Id.*). To date, Knop has not provided the Court with any additional information regarding Defendant Maes.

With respect to the other five unnamed individuals who have not been served – Regional Medical Officer (unknown), Regional Medical Director, Nurse 4 (last name unknown), Grievance Coordinator BOA-HVWCF (last name unknown), and Grievance Coordinator BOA-Bragg (last name unknown) – Knop was ordered to supply the Court with the correct names and addresses for these defendants on July 29, 2014. (Doc. #66). To date, Knop has not provided

the Court with any additional information regarding these five unnamed defendants.

Additionally, Knop was warned in both of this Court's July 29, 2014 orders that if she failed to provide information regarding the correct names and addresses of unserved defendants, she may be required to show cause why this action should not be dismissed, without prejudice, as against any such defendants. (Docs. #65, 66).

On January 14, 2015, this Court entered an Order to Show Cause, noting that it still did not have correct names and addresses for the seven defendants identified above and, as a result, was unable to provide any additional assistance in serving these defendants. (Doc. #105). Knop was cautioned that the onus remained on her to discover and submit sufficient information for service on each defendant. (*Id.* at 2). The Court ordered Knop, by January 30, 2014, to provide correct addresses where each of these defendants could be served or to show cause why this action should not be dismissed, without prejudice, as against these seven defendants. (*Id.* at 2-3). A review of the docket indicates that Knop has neither provided correct addresses for these defendants nor responded in writing to the Order to Show Cause.

## II. ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 120 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

3

Despite the warnings discussed above, Knop has failed to provide the Court with correct addresses where the seven defendants named above can be served, or to otherwise respond to the Court's January 14, 2015 Order to Show Cause.  Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Knop's complaint be dismissed without prejudice as against defendants Sandra L. Maes (Director of Bureau of Health Care Services), Regional Medical Officer (unknown), Regional Medical Director, Nurse Williams, Nurse 4 (last name unknown), Grievance Coordinator BOA-HVWCF (last name unknown), and Grievance Coordinator BOA-Bragg (last name unknown).  *See Abel v. Harp*, 122 F. App'x  248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

### III.     RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Knop's complaint be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, as against defendants Sandra L. Maes (Director of Bureau of Health Care Services), Regional Medical Officer (unknown), Regional Medical Director, Nurse Williams, Nurse 4 (last name unknown), Grievance Coordinator BOA-HVWCF (last name unknown), and Grievance Coordinator BOA-Bragg (last name unknown).

Dated: February 17, 2015                             s/David R. Grand
Ann Arbor, Michigan                                   DAVID R. GRAND
                                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any

further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2015.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager