UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP,

       Plaintiff,

                                  Case No. 14-10185
v.                                 Honorable Linda V. Parker

MILLICENT WARREN, et al.,

       Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 14 AND FEBRUARY 4, 2015 REPORTS AND RECOMMENDATIONS [ECF NOS. 103 & 106]; (2) DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 74 & 75]; AND GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY MDOC EMPLOYEE DEFENDANTS [ECF NO. 57]</u>**

On January 15, 2014, Plaintiff Lori Knop commenced this civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants. Plaintiff, a now paroled Michigan Department of Corrections ("MDOC") inmate, alleges that Defendants violated her Eighth Amendment rights while she was incarcerated in that they were deliberately indifferent to her serious medical condition. Specifically, Plaintiff alleges that she was deprived of Armour Thyroid Hormone for the five-month period between September 2012 and January 2013. The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and

recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 47.)

On July 17, 2014, a motion for summary judgment was filed by thirteen defendants who are or were at all relevant times MDOC employees: Millicent Warren, Daniel Heyns, Haresh Pandya, M.D., Pam Friess, Paul Slagter, Pam Sanders, Lana McCarthy, Joyce Jackson, James Widgeon, Norris McCrary, John Macari, Deborah Shinabery, and Jeffrey Zinbarg (collectively "MDOC Employee Defendants"). (ECF No. 57.) Plaintiff filed a response to the motion, in which she also seeks summary judgment with respect to her Eighth Amendment claims against the MDOC Employee Defendants. (ECF No. 75.) Magistrate Judge Grand issued a R&R on February 4, 2015, in which he recommends that the Court grant the MDOC Employee Defendants' motion and deny Plaintiff's motion. (ECF No. 106.)

In his R&R, Magistrate Judge Grand indicates that the undisputed evidence establishes that Defendants Warren, Heyns, Friess, McCarthy, Jackson, and Zinbarg lacked the required level of personal involvement to be liable for the alleged constitutional violations. (*Id*. at 6-10.) The most involvement any of these defendants had with respect to Plaintiff's medical care, Magistrate Judge Grand finds, was with the denial of Plaintiff's grievances complaining about the fact that she had not received Armour Thyroid Hormone. (*Id.*) It is well established that an individual's mere participation in the grievance process is insufficient to show personal involvement sufficient to demonstrate liability under § 1983. *See, e.g., Shehee v. Lutrell*, 199 F.3d

2

295, 300 (6th Cir. 1999).  The magistrate judge then conveys that the undisputed evidence fails to show that Defendants Pandya, Slagter, Sanders, Widgeon, McCrary, Macari, or Shinabery were deliberately indifferent to Plaintiff's medical needs.  (*Id*. at 12-20.)

While the MDOC Employee Defendants' summary judgment was pending, Plaintiff filed a motion for summary judgment with respect to her claims against Defendants Dr. Mohammed Azimi, Dr. Robert Lacy, Dr. Claire Pei, Dr. Pu Qin, Dr. Sylvia McQueen, and Alice Kramer, P.A. (collectively "Medical Defendants").  (ECF No. 74.)  In her motion, filed August 20, 2014, Plaintiff asserts that the Medical Defendants' Answer to the Complaint is insufficient and amounts to an admission to the allegations in her Complaint.  Plaintiff contends that she, therefore, is entitled to summary judgment with respect to her claims against them.

On January 14, 2015, Magistrate Judge Grand issued a R&R, in which he recommends that the Court deny Plaintiff's motion.  (ECF No. 103.)  Magistrate Judge Grand finds that the Medical Defendants' Answer, in which they deny the averments in Plaintiff's Complaint, satisfy Federal Rule of Civil Procedure 8 and do not amount to admissions.

At the conclusion of his R&Rs, Magistrate Judge Grand informs the parties that they must file any objections within fourteen days.  (*Id*. at 5; ECF No. 106 at 22.)  He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id*., citations omitted).  No objections were filed to either R&R.

The Court has carefully reviewed the R&Rs and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts Magistrate Judge Grand's recommendations in his January 14 and February 4, 2015 R&Rs.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motions for summary judgment (ECF Nos. 74, 75) are **DENIED**;

**IT IS FURTHER ORDERED**, that the motion for summary judgment filed by Defendants Millicent Warren, Daniel Heyns, Haresh Pandya, M.D., Pam Friess, Paul Slagter, Pam Sanders, Lana McCarty, Joyce Jackson, James Widgeon, Norris McCrary, John Macari, Deborah Shinabery, and Jeffrey Zinbarg (ECF No. 57) is **GRANTED** and these defendants are **DISMISSED AS PARTIES TO THIS ACTION**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 11, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 11, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager