UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI KNOP,

      Plaintiff,

                                          Case No. 14-10185
v.                                         Honorable Linda V. Parker

MILLICENT WARREN, et al.,

      Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S APRIL 27, 2015 REPORT AND RECOMMENDATION [ECF NO. 118]; AND (2) GRANTING DEFENDANT SANDRA PRINCE'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 107]

On January 15, 2014, Plaintiff Lori Knop commenced this civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants. Plaintiff, a now paroled Michigan Department of Corrections ("MDOC") inmate, alleges that Defendants violated her Eighth Amendment rights while she was incarcerated in that they were deliberately indifferent to her serious medical condition. Specifically, Plaintiff alleges that she was deprived of Armour Thyroid Hormone for the five-month period between September 2012 and January 2013. The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 47.)

On February 13, 2015, Defendant Sandra Prince ("Prince") filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 107.) When Plaintiff failed to respond to the motion within the applicable deadline, Magistrate Judge Grand ordered Plaintiff to show cause in writing, on or before April 3, 2015, why the motion should not be granted. Plaintiff did not respond and on April 27, 2015, Magistrate Judge Grand issued a R&R in which he recommends that Prince's motion for summary judgment be granted. (ECF No. 118.)

In the R&R, Magistrate Judge Grand indicates that the undisputed evidence establishes that the only action taken by Prince with respect to Plaintiff's hormone medication did not constitute deliberate indifference to her medical needs in violation of the Eighth Amendment. Specifically, Prince merely responded to Plaintiff's kite concerning the medication by relaying that Plaintiff's request for the medication had been denied by the Regional Medical Officer. (*Id*. at 6.) Moreover, as a nurse, Prince lacked the ability to prescribe the medication for Plaintiff. (*Id*.)

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections within fourteen days. (*Id*. at 8.) He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*., citations omitted). No objections were filed.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts Magistrate Judge Grand's recommendations in his April 27, 2015 R&R.

Accordingly,

**IT IS ORDERED**, that Defendant Sandra Prince's motion for summary judgment (ECF No. 107) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** against Defendant Prince and she is **TERMINATED** as a party to this lawsuit.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 22, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
